IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

OVELL DANIEL CLEMONS, JR.                                              PLAINTIFF

v.                                    Civil No. 6:24-CV-06061-SOH-CDC

OFFICER MCSLONE (#118); OFFICER
RAMIREZ (#171);
OFFICER GIBSON (#105); JOHN OR JANE
DOE, Medical Staff,
Garland County Detention Center;
SHERIFF MIKE MCCORMICK, Sheriff's
Medical Staff HSPD; and
CHI ST. VINCENT, Hot Springs, Arkansas                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.   BACKGROUND

Plaintiff filed his Complaint on March 13, 2024.  (ECF No. 1).  That same day the Court entered an Order directing Plaintiff to file an Amended Complaint and a completed *in forma*

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

*pauperis* ("IFP") application.  (ECF No. 3).  Plaintiff filed his Amended Complaint on March 29, 2024.  (ECF No. 5).  He was granted IFP status on April 3, 2024.  (ECF No. 7).

Plaintiff's Amended Complaint alleges two separate incidents of excessive force used against him during arrest. (ECF No. 5). Plaintiff alleges the first incident occurred at the intersection of 143 Chestnut and 545 Crescent Avenue on September 26, 2022.  (*Id*. at 4).  He alleges this incident involved Defendants Officer Jones #126 and Officer Smith #153.  (*Id*.). Plaintiff alleges that, during this incident, he was "slammed to the ground," where his elbow and knee were "busted open," causing him to require seven staples in his knee and five staples in his elbow. (*Id*.) Plaintiff further alleges he was punched in the mouth repeatedly, knocking out several teeth and breaking his jaw. (*Id*.).  Plaintiff further elaborates that Defendant Smith was "being real brutal" while removing several gold rings from his fingers and placing them in his pockets.  (*Id*. at 5).  Plaintiff alleges body camera footage should show the entire incident.  Plaintiff proceeds against both Defendants in their individual and official capacities for this incident.  (*Id*.).  As his official capacity claim, Plaintiff alleges "failure to train, failure to direct, failure to discipline clearly is a big part of why constitutional rights were violated due process must play a part to correct such actions."  (*Id*.).

Plaintiff alleges the second incident of excessive force during arrest occurred at the "200 block of Palmetto Hot Springs AR" on May 1, 2023.  (*Id*. at 6).  He alleges this incident involved Defendants Officer Malone #118, Officer Ramirez #171, and Officer Gibson #106.[2]  (*Id*.).  For this incident, Plaintiff alleges he was tazed repeatedly by Defendant Ramirez while also being punched in the mouth.  (*Id*.).  He was also kneed repeatedly in the ribcage and his head was repeatedly slammed to the ground.  (*Id*.).  Plaintiff alleges his jaw was rebroken and all the teeth

_____

[2] Officer Gibson is listed as #105 on the docket sheet for Case No. 24-06026.

on the "left side bottom" of his jaw broken with the "help" of Defendant Malone and Defendant Ramirez.   (*Id*.).  Plaintiff proceeds against both Defendants in their individual and official capacities for this incident.  (*Id*.).  As his official capacity claim, Plaintiff alleges "[f]ailure to train, failure to direct clearly was a big part of my constitutional rights being violated."  (*Id*. at 6-7).

Finally, Plaintiff alleges he was denied proper medical care and follow-up care post-arrest on both September 26, 2022, and May 1, 2023.  (*Id*. at 7).  Plaintiff names CHI St. Vincent,[3] Sheriff McCormick, and Doe Medical Staff at Garland County Detention Center (GCDC) as Defendants for this claim.  He alleges his jaw was not repaired and his dislocated arm was not "properly placed back" after police injured him. (*Id*.). While incarcerated at the Garland County Detention Center ("GCDC"), Plaintiff alleges he was not given medical treatment.  (*Id*.).  He alleges he exhausted the grievance procedure, and it "still took six months before I could get medical staff to acknowledge my broken jaw.  By this time, it was to[o] late, jaw was permanently broke."  (*Id*.).  Plaintiff seeks compensatory and punitive damages.  (*Id*. at 9).

Because Plaintiff alleged two separate incidents of excessive force on arrest occurring approximately 8 months apart and involving a different group of officers for each incident, the Court entered an Order severing the second incident from the initial case (Case No. 6:24-cv-06026) and opening this case with claims concerning the second incident.  (ECF No. 9).  As part of that Order, the Court then ordered Plaintiff to either submit an *in forma pauperis* ("IFP") application or pay the full filing fee with respect to this case.  *Id.*  The Court also ordered Plaintiff to submit an amended complaint describing those claims (and only those claims) that were severed into this

---

[3] Plaintiff did not provide an address for the hospital.  The Court takes judicial notice that CHI St. Vincent Hot Springs is a private non-profit hospital located at 300 Werner Street, Hot Springs, AR 71913.[3]

action.  (ECF No. 4).  Plaintiff has since submitted an IFP application, (ECF No. 5), and the Amended Complaint. (ECF No. 8).  As noted, this Court previously granted Plaintiff's IFP application.  (ECF No. 6).

Plaintiff asserts two claims for relief.  First, Plaintiff claims that on May 1, 2023, Defendants McSlone, Ramirez, and Gibson used excessive force during his arrest.  (ECF No. 8). Plaintiff says that Defendant Ramirez repeatedly tased him and that Defendant Gibson knocked his teeth out and broke his jaw "with the help of [Defendant] McSlone and [Defendant] Ramirez." (*Id*. at 4-5).  Plaintiff says that during his arrest, he was repeatedly punched in the mouth, kneed in the ribs, his head was slammed on the ground, his jaw was broken, and all the teeth on the bottom left side of his jaw were knocked out.  (*Id*.).

Second, Plaintiff says that he was not provided adequate medical care on May 1, 2023, to treat the injuries he sustained during his arrest, including his broken jaw.  (*Id*. at 6).  Plaintiff names staff at CHI St. Vincent,[4] Sheriff McCormick, and GCDC medical staff for this claim. (*Id*. at 6). Plaintiff says that he exhausted his administrative remedies while incarcerated at GCDC and it took six months before medical staff acknowledged his broken jaw, but by that time, his jaw was permanently broken.  (*Id*.).  Plaintiff identifies all defendants in their official and individual capacities.  He requests compensatory and punitive damages, his jaw repaired, and his teeth replaced.  (*Id*. at 9).  As his official capacity claim, Plaintiff alleges that "[h]ospital policies were neglected given me improper care which in turn violated my constitutional rights."  (*Id*.).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

---

[4] Plaintiff appears to provide an incorrect address for CHI St. Vincent Hospital in Hot Springs, Arkansas.  (*Id*. at 3).

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and violated a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional

right under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Plaintiff's claims against the CHI Saint Vincent Hospital are subject to dismissal.  In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983.  Specifically, the Court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982).  Resolving this question entails a journey down a particularly fact-bound path, *see id.* at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way.  To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible."  *Id.* at 937, 102 S. Ct. at 2753.  Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Id.*; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two-part test).

*Montano*, 120 F.3d at 848.

Nothing in Plaintiff's Complaint permits the inference that CHI St. Vincent Hospital was a state actor.  Instead, he alleges only that he did not receive proper medical care at a private hospital when taken to that hospital following his arrest.  "[P]rivate conduct, no matter how egregious, discriminatory, or harmful, is beyond the reach of § 1983."  *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007).  Further, mere negligence or medical malpractice is insufficient to rise to the level of a constitutional violation.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted).  Plaintiff's claims against CHI St. Vincent Hospital are therefore subject to dismissal.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff claims against CHI St. Vincent Hospital be **DISMISSED** and CHI St. Vincent Hospital be **TERMINATED** as a Defendant.

The remaining claims will proceed.

Referral Status: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of May 2024**.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

7