IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

OVELL DANIEL CLEMONS, JR.                                                PLAINTIFF

v.                                    Case No. 6:24-cv-6061

OFFICER MCSLONE (#118);
OFFICER RAMIREZ (#171);
OFFICER GIBSON (#105);
SHERIFF MIKE MCCORMICK;
TURN KEY HEALTH CLINICS, LLC                                             DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 47. Judge Comstock recommends that Plaintiff's case be dismissed without prejudice for failure to comply with a Court order and failure to prosecute this case.  Plaintiff has filed an objection.  ECF No. 48.  The Court finds the matter ripe for consideration.

**I.  BACKGROUND**

This is a civil rights action filed by Plaintiff, who is a self-represented litigant.  In his second amended complaint, Plaintiff alleges he was injured because of the excessive force used by officers when he was arrested.  He further alleges that, after his arrest, he was denied adequate medical care while incarcerated at Garland County Detention Center.  Plaintiff lists Turn Key Health Clinics, LLC ("Turn Key"), a private company providing healthcare services to jails, as a Defendant and alleges that "proper medical care was not given[,] jaw was broken and not repaired[,] teeth knock[ed] out[, and] arm dislocated."  ECF No. 36, p. 6.  He further alleges that "[h]ospital policies were neglected given me improper care which in turn violated my rights."  ECF No. 36, p. 7.

Turn Key filed a Motion to Dismiss (ECF No. 40), arguing that Plaintiff has alleged no facts sufficient to state a claim against Turn Key.  Plaintiff was ordered to respond to the Motion to Dismiss.  ECF No. 43.  Three days after this order was entered, Plaintiff filed a notice that his address had changed.  After the order had been returned as undeliverable (ECF No. 45), the order was mailed to Plaintiff's new address.  ECF No. 45.  The resent order that directed Plaintiff to respond to Turn Key's Motion to Dismiss has not been returned as undeliverable.  To date, Plaintiff has not filed a response to the Motion to Dismiss.

Judge Comstock filed a Report and Recommendation recommending that Plaintiff's case be dismissed without prejudice for failure to obey the Court order directing him to respond to Turn Key's Motion to Dismiss.  ECF No. 47.  Plaintiff filed a timely objection, which states in full:  "I Ovell Daniel Clemons Object to R and R due to the fact Defendant Turnkey Health failed to provide medical follow up care, under Mike McCormick care."  ECF No. 48.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical*

*Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant" is liable. *Id.* (internal quotations omitted). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Therefore, to survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Plaintiff was ordered to respond to Turn Key's Motion to Dismiss. He has not done so. Plaintiff's failure to respond to Defendant's Motion to Dismiss is a sufficient basis upon which to dismiss Plaintiff's complaint. *See Craven v. Stearns County Jail*, No. 25-cv-1107 (JMB/LIB), 2025 WL 2044225, at *3 (D. Minn. July 1, 2025); *O'Hara v. Fairbank*, No. 4:24-cv-503-JAR, 2024 WL 2831201, at *1 (E.D. Mo. June 4, 2004); *see also* Fed. R. Civ. P. 41(b). However, even if the Court were to consider the merits of the Motion to Dismiss (ECF NO. 40), it would agree

with Turn Key that the factual allegations in the second amended complaint are not sufficient to state a claim against Turn Key. Accordingly, the Court finds that any purported claims in the complaint against Turn Key should be dismissed.

The Court notes that Judge Comstock recommends dismissal of this case based on Plaintiff's failure to obey a Court order and failure to prosecute this case. However, the Court will not dismiss the entire case. Plaintiff did file an objection to the Report and Recommendation, which shows a willingness to prosecute this case. Thus, the Court will allow the remaining claims to proceed for further litigation. Plaintiff is reminded that failure to timely and properly comply with future Court orders could result in the dismissal of this action pursuant to Local Rule 5.5(c)(2) and Federal Rule of Civil Procedure 41.

## IV. CONCLUSION

Upon *de novo* review, for the reasons discussed above, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Report and Recommendation. ECF No. 47. The Court finds that the Turn Key's Motion to Dismiss (ECF No. 40) should be and hereby is **GRANTED**. All claims against Turnkey are **DISMISSED WITHOUT PREJUDICE**. Any remaining claims shall proceed for further litigation. This case should be assigned to the Honorable Christy Comstock for further proceedings.

**IT IS SO ORDERED**, this 29th day of September, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge