IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

OVELL DANIEL CLEMONS, JR.                                          PLAINTIFF

v.                          Civil No. 6:24-cv-06061-SOH-CDC

OFFICER McSLONE #118);
OFFICER RAMIREZ (#171);
OFFICER GIBSON (#105);
SHERIFF MIKE McCORMICK
(Sheriff's Medical Staff, Hot Spring Police
Department                                                         DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is a Motion to Dismiss Plaintiff's Amended Complaint pursuant to

Local Rule 5.5(c)(2) and Federal Rule of Civil Procedure 37(b)(2)(A)(v) and 41(b) by Defendants

McSlone, Ramirez, and Gibson.  (ECF No. 69).  Also before the Court is Plaintiff's failure to obey

Court Orders and failure to prosecute this case.

### I.  BACKGROUND

The claims in this case were severed from the initial Complaint filed in Case No. 6:24-cv-

06026-SOH-CDC, and filed in this case on April 26, 2024.  (ECF Nos. 1, 2).  Plaintiff was then

directed to file a completed *in forma pauperis* (IFP) application and an Amended Complaint. (ECF

No. 4).  Plaintiff submitted his IFP application on May 8, 2024, and the motion was granted on

May 10, 2024.  (ECF Nos. 5, 6).  In the Order granting him IFP status, Plaintiff was advised that

he must inform the Court of any address change within 30 days or his case would be dismissed.

1

(ECF No. 6).  Plaintiff submitted an Amended Complaint on May 22, 2024.  (ECF No. 8).  The Amended Complaint underwent mandatory preservice screening on May 29, 2024, (ECF No. 9) and CHI St. Vincent Hospital was dismissed as a Defendant in this case on June 24, 2024.  (ECF No. 10).  Turnkey Health was added as a Defendant on June 25, 2024.  (ECF No. 11).

Defendant Turnkey Health submitted a Motion to Dismiss for Failure to State a Claim on July 22, 2024.  (ECF No. 20).  The Court directed Plaintiff to respond by August 13, 2024.  (ECF No. 22).  Plaintiff submitted a Second Amended Complaint on August 12, 2024.  (ECF No. 24).  The Motion to Dismiss was then dismissed as moot.  (ECF No. 25).  Defendant Turnkey Health submitted a Second Motion to Dismiss on August 26, 2024.  (ECF No. 33).  Because review of Plaintiff's Second Amended Complaint revealed an issue with the docketing of the file, Plaintiff was directed to submit either a full copy of his Second Amended Complaint or submit another Amended Complaint.  (ECF No. 35).  Plaintiff submitted an Amended Complaint on September 23, 2024.  (ECF No. 36).  Defendant Turnkey Health submitted a Motion to Dismiss on October 7, 2024.  (ECF No. 40).  The earlier Motion to Dismiss (ECF No. 33) was dismissed as moot (ECF No. 42), and Plaintiff was directed to submit a Response by October 29, 2024.  (ECF No. 43).  Plaintiff then submitted a Notice of Address Change indicating he was now in the Arkansas Division of Correction (ADC) Ouachita River Unit on October 11, 2024.  (ECF No. 44).  Mail returned undeliverable was resent to the ADC address.  (ECF Nos. 46, 47).

On January 6, 2025, the undersigned entered a Report and Recommendation recommending that Plaintiff's Amended Complaint (ECF No. 36) be dismissed without prejudice because he had failed to Respond to the Motion to Dismiss.  (ECF No. 47).  Plaintiff filed an Objection on January 21, 2025.  (ECF No. 48).  Plaintiff filed two Notice of Address changes while the Report and Recommendation was pending.  (ECF Nos. 49, 50).  Because the second one indicated a free-world address, Plaintiff was directed to submit an IFP application reflecting his

2

free-world status. (ECF No. 51). Plaintiff filed his IFP application on May 2, 2025. (ECF No. 52). On September 29, 2025, the Honorable Susan O. Hickey adopted the Report and Recommendation in part and declined to adopt in part. (ECF No. 55). Defendant Turnkey's Motion to Dismiss was granted, and Turnkey was dismissed as a Defendant in this case. (*Id*. at 4). The remaining claims were permitted to proceed for further litigation. (*Id*.). Judge Hickey warned Plaintiff, however, that "failure to timely and properly comply with future Court orders could result in the dismissal of this action pursuant to Local Rule 5.5(c)(2) and Federal Rule of Civil Procedure 41." (*Id*.). Plaintiff's free-world IFP application was granted on September 30, 2025. (ECF No. 56).

On January 22, 2026, Defendants filed a Motion to Compel Plaintiff's discovery responses. (ECF No. 61). This Motion was granted on January 23, 2026. (ECF No. 63). Plaintiff was directed to provide his discovery responses, including a signed medical authorization form, to Defendants by February 6, 2026. (ECF No. 63). On February 9, 2026, Defendants McSlone, Ramirez, and Gibson filed their Motion to Dismiss. (ECF No. 69). On February 9, 2026, Defendants McSlone, Ramirez, and Gibson filed a Notice of Returned Mail. (ECF No. 66). They note that mail sent to Plaintiff at his current address of record was returned marked "return to sender; not deliverable as addressed; unable to forward." (*Id*. at 1). They argue Plaintiff has failed to comply with the Court's Order to provide his discovery responses, and, without an updated address, Defendant cannot communicate with Plaintiff or engage in the discovery process to properly defend the case. (*Id*. at 2). The Court then entered an Order to Communicate, directing Plaintiff to Respond by March 3, 2026. (ECF No. 67). Later that same day, additional mail was returned as undeliverable. (ECF No. 68). On March 23, 2026, Defendants McSlone, Ramirez, and Gibson filed their Motion to Dismiss Plaintiff's Amended Complaint pursuant to Local Rule 5.5(c)(2) and Federal Rule of Civil Procedure 37(b)(2)(A)(v) and 41(b). (ECF No. 69). They argue that Plaintiff has yet to

3

comply with the Court's Order directing him to provide the requested discovery responses. (*Id*. at 1). They further note that Plaintiff has also failed to provide an updated address. (*Id*. at 2).

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has been warned repeatedly, both in this case and in Case No. 6:24-cv-06026-SOH-CDC, that failure to timely comply with Court Orders will result in the dismissal of his case. He was given a second chance earlier in this case after it was recommended that his case be dismissed for failure to obey orders and failure to prosecute. At that time, Judge Hickey expressly warned him that "failure to timely and properly comply with future Court orders could result in the dismissal of this action pursuant to Local Rule 5.5(c)(2) and Federal Rule of Civil Procedure

41." Later Orders also advised Plaintiff that failure to comply by the specified deadlines would result in the dismissal of his case. Despite these repeated warnings, Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with two Court Orders.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 36) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **9th day of April 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

5